PER CURIAM.
The employer and carrier, Gibson-Ho-mans Company and Security Insurance (“E/C”) appeal the deputy commissioner’s order awarding wage loss benefits based upon a finding of fifty percent wage loss. We reverse.
Theodore Henderson, Jr. (“Henderson”) suffered a compensable thumb injury for which he received temporary total disability benefits until he reached maximum medical improvement, then received wage loss benefits until he began working, driving a truck, as a result of the E/C’s efforts to find him a job. Henderson’s job involved transporting bulk materials by truck for which he was paid $10.00 per one-way load or $20.00 for a round trip, with up to four round trips possible in an eight hour shift. Drivers worked a five-day week. Henderson was fired for being undependable, after three weeks in which he worked eleven of fifteen possible work days. The deputy commis *750 sioner found that Henderson had voluntarily limited his income by his being fired, but awarded wage loss benefits equaling one-half of Henderson’s stipulated average weekly wage of $284.57 based upon a finding that Henderson was able to earn only one-half of his average weekly wage.
E/C contend that there is no competent substantial evidence (“CSE”) to support the award. We agree. There is no CSE to support the finding that Henderson was able to earn only one-half of his average weekly wage. The only evidence of Henderson’s earnings is of the eleven days he worked for an average of $45.00 per day or $225.00 for a five-day work week. When this figure is used to calculate Henderson’s wage loss, compared to his stipulated average weekly wage of $284.57, there is a $59.57 difference. This hardly constitutes a loss of fifty percent of wages. We find that Henderson could be awarded, at most, $59.57 based upon his wage loss as shown by the evidence and remand for the deputy commissioner to enter an order awarding $59.57 per week wage loss benefits.
SHIVERS, WENTWORTH and «TOA-NOS, JJ., concur.